Michael BENNETT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 28A04–9506–CR–244.

Court of Appeals of Indiana.

July 11, 1996.

Susan K. Carpenter, Public Defender, Gregory L. Lewis, Deputy Public Defender, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

CHEZEM, Judge.

### Case Summary

Defendant-Appellant, Michael Bennett ("Bennett"), appeals his conviction for Theft, a class D felony. We affirm, in part, and reverse and remand, in part.

### Issues

Bennett presents two issues for our review, which we restate as:

I. Whether Bennett's trial counsel was ineffective; and,

II. Whether the trial court correctly appropriated Bennett's ten-percent cash bond to his fine, costs, and restitution.

### Facts and Procedural History

The facts most favorable to the verdict indicate that Bennett broke into a barn behind the house of Robert Childress ("Childress"). While Childress was at work, Bennett removed from the barn a large mechanic's tool chest, as well as Childress' extensive collection of tools. The total value of these items was approximately $8,000.00. Bennett sold the tool chest to James Doyle ("Doyle") for $200.00. Prior to trial, Bennett signed a document entitled "Personal Appearance Bond with Ten Percent Cash Deposit." The document contained a provision stating that Bennett's bond "may, upon Order of the Court be applied by the Court Clerk to the payment of the judgment."

Doyle testified that Bennett sold him the tool chest. He also stated that he had entered into three plea agreements with the State. Under the terms of the first two agreements, Doyle agreed to testify against Bennett in exchange for a promise that he would serve no jail time. The third plea agreement was unrelated to Bennett. The court rejected Doyle's plea agreements. Thereafter, the charges against Doyle were dismissed without prejudice.

Doyle testified that he understood the State could reinstate charges against him at any time, but that his present testimony was not a result of any deal with the State. He stated that he chose to testify against Bennett because Bennett failed to honor an agreement they had when they worked together. Doyle also testified that he believed the State would not file charges against him, regardless of whether he testified against Bennett. Doyle also testified as to his criminal record, that he had served time in prison, and that he did not want to return to prison.

Bennett's mother testified that Bennett was in Florida when the theft occurred. The trial court did not allow admission of testimony by Bennett's mother in which she alleged that Doyle approached her on the day before trial and told her that he "was not going to prison to thirty-three years, that Michael might get off and Michael wouldn't get as much as he would . . . ."

Bennett was sentenced to a term of three years incarceration, and a fine of $100.00 and court costs of $133.00 were imposed. Bennett was also ordered to pay restitution to Childress in the amount of $500.00. The trial court had admitted Bennett to bail under I.C. 35–33–8–3.1(a)(2), and he had executed a "Personal Appearance Bond With Ten Percent Cash Deposit." The court ordered the fine, costs, and restitution be deducted from Bennett's bond deposit.

### Discussion and Decision

#### I

We must first determine whether Bennett's trial counsel was ineffective. Bennett claims his counsel was ineffective because his counsel failed to impeach Doyle. In essence, Bennett contends that his trial attorney did not meet the requirements of the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *reh. denied.* Our supreme court has applied the *Strickland* standard in Indiana. *See, e.g., Johnson v. State*, 584 N.E.2d 1092 (Ind.1992), *cert. denied*, 506 U.S. 853, 113 S.Ct. 155, 121 L.Ed.2d 105 (1992). First, Bennett must make a showing that the performance of his counsel was deficient. The reviewing court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assis-

tance. *Id.* A defendant must demonstrate that counsel's performance was unreasonable under the prevailing professional norms. *Turner v. State,* 580 N.E.2d 665 (Ind.1991), *reh. denied.* "The proper judicial approach is highly deferential and requires a consideration of the totality of the evidence before the jury." *Johnson,* 584 N.E.2d at 1106. "Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through distortions of hindsight. Counsel is presumed competent, and appellant must present strong and convincing evidence to rebut the presumption." *Clark v. State,* 561 N.E.2d 759, 763 (Ind.1990). Second, Bennett must show prejudice as a result of the deficient performance. Bennett must prove that his attorney's failure to function was so prejudicial that it deprived him of a fair trial. A fair trial is denied when the conviction or sentence results from a breakdown of the adversarial process that renders the result unreliable. *Best v. State,* 566 N.E.2d 1027 (Ind.1991).

■ Whatever one might conclude about the strategy and performance at issue, isolated instances of poor strategy or inartfully executed examinations do not necessarily amount to ineffectiveness of counsel. *Mott v. State,* 547 N.E.2d 261 (Ind.1989). We will not second-guess the propriety of trial counsel's tactics. *See Hunter v. State,* 578 N.E.2d 353 (Ind.1991), *reh. denied.*

■ An examination of the record indicates that trial counsel was not deficient. Beyond his assertions and allegations, Bennett has failed to prove that he was deprived of a fair trial. Both the State and defense counsel presented overwhelming evidence which could have served to impeach Doyle. While Bennett's mother's testimony may have been admissible under Ind.Evid. Rule 613(b), her testimony was merely cumulative of other impeaching evidence offered at trial. Accordingly, we find no reversible error and affirm the trial court's decision to exclude the testimony.

## II

■ We must next determine whether the trial court correctly appropriated Bennett's ten-percent cash bond to his fine, costs, and restitution. The statute which governs the conditions to assure appearance at trial is what gives a trial court judge authority to impose a bond requirement. Our supreme court interpreted this statute's predecessor and held in *State ex rel. Williams v. Ryan,* 490 N.E.2d 1113 (Ind.1986), that the ten percent may be applied toward fines, costs, and restitution. However, the statute has been amended since *Williams* was decided.

Dissenting in *Williams,* Justice Shepard noted that the purpose of the bail statute is to ensure the appearance of the defendant. To the extent that end has been achieved, a trial court may not appropriate the deposit towards other ends except as provided in I.C. 35–33–8–3.1 and I.C. 35–33–8–7. The statute does not otherwise allow for application by the trial court of the cash deposit. A defendant who has complied with the terms of a cash bond is entitled to the return of funds, less certain fees expressly enumerated by the statute. Fines, costs, and restitution are not included.

■ We note, however, that the statute, as drafted, limits the power of trial courts to compel compliance with sentencing orders. It has been customary for trial judges either to retain bond deposit funds until a judgment or order has been satisfied, or to use those funds to satisfy the judgment. As in this case, many times a defendant agrees in advance, as part of an agreement to receive the benefit of the ten-percent cash deposit, that the trial court may use the funds to pay fines, costs and restitution. The legislature should draft a statute which allows the realistic collection of fines, costs and restitution. The judgment for restitution, fines, and costs is, in many instances, a hollow attempt to impose justice. Access to the bond deposit funds would facilitate meaningful imposition of fines, costs and restitution.

Nonetheless, because of the language of the current statute, we reverse and remand for the trial court to enter an order consistent with this holding.

Affirmed, in part. Reversed and remanded, in part.

DARDEN and NAJAM, JJ., concur.