Leonard Darnell ZANDERS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0309–CR–379.

Court of Appeals of Indiana.

Dec. 23, 2003.

Marce Gonzalez, Jr., Merrillville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Following the dismissal of charges against Leonard Darnell Zanders, the trial court ordered that the costs Lake County had incurred in extraditing Zanders be retained from the ten-percent cash bond he had posted. Zanders appeals from that order and raises a single issue for review, namely, whether the trial court lacked statutory authority to order that a portion of his bond be retained to cover the costs of his extradition.

We reverse.

### FACTS AND PROCEDURAL HISTORY

On October 20, 1999, the State charged Zanders with Auto Theft and Resisting Law Enforcement, both as Class D felonies. The trial court set bail at $30,000, and the following day, Zanders posted a ten-percent cash bond of $3,000. Zanders failed to appear at a hearing on November 18, 1999, and the trial court issued a warrant for his arrest.

In October 2002, the State learned that Zanders was in the United States Penitentiary in Jonesville, Virginia. Specifically, on October 21, 2002, Zanders, pro se, filed his "Inmate[']s Notice of Imprisonment and Request of Disposition/I.A.D.A." requesting a final disposition of the charges pending in Lake County under Article 3 of the Interstate Agreement on Detainers Act. The trial court denied Zanders' request because he had failed to submit his request first to the correctional officials who had custody of him in Virginia. In November 2002, Zanders submitted his request for final disposition with the appropriate officials in Virginia, but those offi-

cials did not forward Zanders' request to Lake County until April 2003.

In May 2003, the State filed a petition for extradition, which the court granted. Zanders was returned to Indiana on May 29, 2003. On June 11, 2003, Zanders filed a Motion to Dismiss the charges pending in Lake County because the State had not tried him within 180 days from the date he filed his demand for final disposition under Article 3 of the Interstate Agreement on Detainers Act. On June 18, 2003, the trial court granted Zanders' motion and dismissed the charges with prejudice. The court then ordered that Zanders be returned to Virginia.

Thereafter, Lake County incurred $681.40 in costs to return Zanders to Virginia. On July 18, 2003, the trial court ordered that those extradition costs be retained from the ten-percent bond Zanders had posted in October 1999. Zanders filed an objection to the court's order, which the court denied. Zanders then filed his timely Notice of Appeal on August 15, 2003.

### DISCUSSION AND DECISION

■ Indiana Code Section 35–33–8–3.2 governs bail and bail procedure and provides in relevant part:

(a) A court may admit a defendant to bail and impose any of the following conditions to assure the defendant's appearance at any stage of the legal proceedings, or, upon a showing of clear and convincing evidence that the defendant poses a risk of physical danger to another person or the community, to assure the public's physical safety:

\* \* \*

(2) Require the defendant to execute a bail bond by depositing cash or securities with the clerk of the court in an amount not less than ten percent (10%)

of the bail. If the defendant is convicted, the court may retain all or part of the cash or securities to pay fines, costs, fees, and restitution, if ordered by the court. A portion of the deposit, not to exceed ten percent (10%) of the monetary value of the deposit or fifty dollars ($50), whichever is the lesser amount, may be retained as an administrative fee. The clerk shall also retain from the deposit under this subdivision the following:

> (A) Fines, costs, fees, and restitution as ordered by the court.

* * *

(b) Within thirty (30) days after disposition of the charges against the defendant, the court that admitted the defendant to bail shall order the clerk to remit the amount of the deposit remaining under subsection (a)(2) to the defendant. The portion of the deposit that is not remitted to the defendant shall be deposited by the clerk in the supplemental public defender services fund established under IC 33–9–11.5.

(c) For purposes of subsection (b), "disposition" occurs when the indictment or information is dismissed, or the defendant is acquitted or convicted of the charges.

The court's July 22 order, which reaffirmed its July 18 order, provides in relevant part:

(4) Pursuant to I.C. 35–33–8–3.2(a)(2), the Clerk of the Court shall retain, from the 10% bail deposit, costs as ordered by the Court.

(5) Pursuant to I.C. 35–33–8–3.2(b), within thirty (30) days after disposition of the cause, the Court shall order the Clerk to return the amount of the bail deposit remaining after costs (and other fees) have been taken by the Clerk under [subsection (a)(2)].

(6) Pursuant to I.C. 35–33–8–3.2(c), a dismissal constitutes a disposition of a criminal cause.

(7) Per [*Vestal v. State*, 745 N.E.2d 249 (Ind.Ct.App.2001)], extradition expenses are costs which the Court may order a defendant to pay.

(8) Because extradition expenses are costs, and court costs are properly taken from the bond deposit, they are not funds remaining from the bond for disbursement to the defendant or the individual who posted the bond on his behalf.

Zanders asserts that because his charges were dismissed with prejudice, subsection (a)(2) of the bail statute does not apply. Specifically, he contends that subsection (a)(2) requires that the defendant be convicted before a trial court may order that costs be retained from the bond deposit. The State responds that subsection (a)(2)'s plain language allows the court to retain a portion of the defendant's bond deposit regardless of whether the defendant has been convicted. Thus, the parties offer conflicting interpretations of the bail statute.

■■■ The interpretation of a statute is a question of law, which is reserved for the courts. *Skrzypczak v. State Farm Mut. Auto. Ins. Co.*, 668 N.E.2d 291, 295 (Ind. Ct.App.1996). When interpreting a statute, we follow several rules of statutory construction. *Id.* First, we do not interpret a statute that is facially clear and unambiguous. *Id.* Rather, we give the statute its plain and clear meaning. *Id.* Second, if a statute is ambiguous, we seek to ascertain and give effect to the legislature's intent. *Id.* In so doing, we read a statute as a whole and strive to give effect to all of the provisions. *Id.* Indeed, when construing a statute, all sections of an act

are viewed together. *Saylor v. State*, 765 N.E.2d 535, 564 (Ind.2002). Additionally, we will avoid an interpretation that renders any part of the statute meaningless or superfluous. *See Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 948 (Ind.2001).

Initially, this court held that extradition expenses are reimbursement costs that a court may order a defendant to pay at sentencing. *Vestal v. State*, 745 N.E.2d 249, 253 (Ind.Ct.App.2001), *aff'd in relevant part*, 773 N.E.2d 805, 807 (Ind.2002). But as Zanders points out, Vestal does not address whether extradition expenses are "costs" that may be retained from a defendant's bond deposit under Indiana Code Section 35–33–8–3.2. Nor does Vestal examine the primary dispute in this case, whether a trial court may order that such costs be retained where the charges against the defendant have been dismissed with prejudice. Even if we were to determine that extradition expenses are "costs" under the bail statute, Vestal is not dispositive of whether a conviction is a condition precedent to a trial court's order that such costs be retained from a defendant's bond deposit. Thus, we agree with Zanders that the trial court's reliance on Vestal in this case is misplaced.

Subsection (a)(2) of the statute provides, "If the defendant is convicted, the court may retain all or a part of the cash or securities to pay fines, costs, fees, and restitution, if ordered by the court." (Emphasis added). Subsection (a)(2) also allows the clerk to retain a portion of the bond deposit as an administrative fee, and in addition to the administrative fee, the statute provides: "The clerk shall also retain from the deposit under this subdivision the following: (A) Fines, costs, fees, and restitution as ordered by the court." I.C. § 35–33–8–3.2(a)(2) (emphasis added). Given the two separate references to the court's and the clerk's authority to retain a portion of the bond deposit for fines, costs, fees and restitution, it is not clear whether a conviction is required before such costs may be retained. Thus, the statute is ambiguous and subject to interpretation. *See Skrzypczak*, 668 N.E.2d at 295.

On the one hand, the trial court's interpretation of the bail statute as explained in its July 22 order is plausible. While subsection (a)(2)'s first reference to fines, costs, fees and restitution is prefaced with the clause, "If the defendant is convicted, . . . .," the second reference does not contain that introductory clause. As the State asserts, the plain language, "The clerk shall also retain from the deposit under this subdivision the following: (A) Fines, costs, fees, and restitution as ordered by the court," appears to authorize the retention of costs from the bond deposit regardless of whether there has been a conviction. Further, subsection (c) defines "disposition" to include dismissals and acquittals, not just convictions. I.C. § 35–33–8–3.2(c).

But another plausible construction of the statute is that the clause "If the defendant is convicted, . . ." modifies both the trial court's authority to order that fines, costs, fees, and restitution be retained from a defendant's bond deposit and the clerk's authority to retain from the deposit any fines, costs, fees, and restitution as ordered by the court. We find that this is the most reasonable interpretation of the statute.

First, if we were to agree with the trial court and the State that a conviction is not required before fines, costs, fees, and restitution may be retained from the bond deposit, then the phrase "If the defendant is convicted, . . ." would be rendered meaningless. *See Rheem Mfg.*, 746 N.E.2d at 948. Stated differently, if the legislature had intended to allow the trial court to

order the clerk to retain fines, costs, fees, and restitution from a defendant's bond deposit upon any disposition, there would have been no need to include the phrase "If the defendant is convicted, . . . ."

Further, as a general matter, a trial court's authority to impose fines, costs, fees, and restitution in criminal cases comes into play at sentencing, after the defendant has been convicted. In particular, the court's authority to impose fines depends on the particular crime at issue. *See, e.g.,* Ind.Code § 35–50–2–4 (stating person who commits Class A felony may be fined not more than ten thousand dollars); Ind.Code § 35–50–3–1 (stating person who commits Class A misdemeanor may be fined not more than five thousand dollars). Indiana Code Section 33–19–5–1 governs a variety of costs and fees that may be collected from a defendant following conviction in criminal cases. And Indiana Code Section 35–50–5–3 authorizes a trial court to order that a defendant, following conviction, pay restitution under certain circumstances. While we do not address every statute which authorizes a trial court to impose fines, costs, fees, and restitution, those statutes generally authorize trial courts to impose such punishments after a person has been convicted of a crime. Thus, to interpret the bail statute to allow a court to order that extradition costs be retained from a defendant's bond deposit when the charges against the defendant have been dismissed would be a significant departure from the criminal statutory scheme regarding court-ordered fines, costs, fees, and restitution. " 'The object of bail very definitely is not to effect punishment in advance of conviction.' " *State ex rel. Williams v. Ryan,* 490 N.E.2d 1113, 1115 (Ind.1986) (J., Shepard, dissenting) (citation omitted).

Still, the State argues that the court's order that $681.40 in extradition costs be retained from Zanders' bond deposit is lawful because Zanders failed to appear at the November 1999 hearing. In support, the State cites to *Bennett v. State,* 668 N.E.2d 1256, 1258 (Ind.Ct.App.1996), in which this court stated that the purpose of the bond statute is to ensure the defendant's appearance, and "[t]o the extent that end has been achieved, a trial court may not appropriate the deposit towards other ends except" as provided by statute. Because Zanders' 10% bond did not achieve the purpose intended by the statute, the State contends the court's bond deposit order was justified.

But we agree with Zanders that the trial court could have ordered Zanders' bond deposit forfeited under Indiana Code Section 35–33–8–7 when he failed to appear for the November 1999 hearing. That statute expressly authorizes the court to order a bond deposit forfeited where a defendant: (1) was admitted to bail under Indiana Code Section 35–33–8–3.2(a)(2); (2) has failed to appear, and (3) the court has issued a warrant for the defendant's arrest. However, the court did not follow the bond forfeiture statute when Zanders failed to appear. Instead, the court improperly invoked Indiana Code Section 35–33–8–3.2(a)(2)(a)(2) after the charges against Zanders had been dismissed with prejudice in June 2003. Because that statute authorizes a court to order that fines, costs, fees, and restitution be retained from a bond deposit only if the defendant has been convicted, we hold that the trial court lacked statutory authority to order that extradition costs be retained from Zanders' bond deposit.

Reversed.

BAKER, J., and MAY, J., concur.