Samuel HAMPTON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0906–CR–331.

Court of Appeals of Indiana.

Feb. 8, 2010.

Rehearing Denied April 6, 2010.

Joseph M. Cleary, Hammerle & Cleary Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Angela N. Sanchez, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Samuel Hampton appeals his conviction for child molesting as a class A felony.[1] Hampton raises one issue, which we revise and restate as whether the evidence is sufficient to sustain Hampton's conviction. On cross appeal, the State raises one issue, which we revise and restate as whether the sentence imposed by the trial court is illegal. We affirm.

The facts most favorable to the conviction follow. Around Christmas in 2007, six-year-old J.B. was visiting at the home of J.B.'s great aunt, Renita Glasco, and Hampton, who was Glasco's boyfriend. At some point during that visit, while Glasco was sleeping on the couch in the home's living room, J.B. went from the living room into a bedroom where Hampton, who was forty-seven years old, was laying on the bed wearing a t-shirt and boxer shorts. After J.B. joined Hampton on the bed, Hampton pulled down J.B.'s underwear. Hampton then "put his penis inside [J.B.'s] butt." Transcript at 14. Hampton's penis felt "hard and greasy," and Hampton "was shaking it." Id. at 14–15. When Hampton's penis touched J.B., it made J.B. feel "[n]asty." Id. at 15. Also around Christmas, J.B. told her mother ("Mother") that "her behind kind of hurt[ ] her." Id. at 39.

On January 12, 2008, J.B. "came out [of] the blue" and told Mother that "she had secrets to tell [her]." Id. at 33. J.B. told Mother that Hampton had touched her. Mother then called the police.

On January 14, 2008, Indianapolis Police Detective Genae Gehring, a child abuse detective, met with Mother and J.B. Detective Gehring interviewed Mother, and also sat in while Diane Bower, who was a child interviewer for the child advocacy center, interviewed J.B. On February 1, 2008, Detective Gehring also conducted interviews with Hampton, Glasco, and Mother's sister.

On February 22, 2008, Hampton was charged with Count I, child molesting as a class A felony; and Count II, child molesting as a class C felony. At a bench trial held on May 8, 2009, Hampton was found guilty of Count I, child molesting as a class A felony.[2] On May 20, 2009, the trial court sentenced Hampton to twenty years in the Department of Correction.

■ The issue on appeal is whether the evidence is sufficient to sustain Hampton's conviction for child molesting as a class A felony. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind.2007). We do not assess witness credibility or reweigh the evidence. *Id.* We consider conflicting evidence most favorably to the trial court's ruling. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State*, 726 N.E.2d 268, 270 (Ind.2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

The offense of child molesting as a class A felony is governed by Ind.Code § 35–42–4–3(a), which, in relevant part, provides: "A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate

---

**1.** Ind.Code § 35–42–4–3 (Supp.2007).

**2.** At the close of the State's case-in-chief, the trial court granted Hampton's motion for directed verdict on Count II.

sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if: (1) it is committed by a person at least twenty-one (21) years of age...." "Deviate sexual conduct" means "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object."[3] Ind.Code § 35–41–1–9. Thus, to convict Hampton of child molesting as a class A felony, the State was required to prove that Hampton, who was at least twenty-one years of age, performed or submitted to deviate sexual conduct with J.B., who was under fourteen years of age.

Hampton argues that J.B. "was the only witness against Hampton, her testimony was equivocal and was not corroborated by medical evidence or anything else for that matter." Appellant's Brief at 5. In so arguing, Hampton relies upon the "incredible dubiosity" rule which we may apply to impinge upon the fact finder's function to judge the credibility of a witness. *Fajardo v. State*, 859 N.E.2d 1201, 1208 (Ind.2007). Under the "incredible dubiosity" rule, "a reviewing court may impinge on the fact-finder's responsibility to judge witness credibility when a 'sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence' of the defendant's guilt." *Corbett v. State*, 764 N.E.2d 622, 626 (Ind.2002) (quoting *Tillman v. State*, 642 N.E.2d 221, 223 (Ind.1994)). "Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it." *Fajardo*, 859 N.E.2d at 1208.

Although Hampton argues that there is a lack of circumstantial evidence, he makes no argument that J.B.'s testimony regarding the molestation was inherently contradictory or equivocal. To the extent that Hampton argues that coercion played a role in J.B.'s testimony, although Hampton notes that J.B. testified that she talked to her mother and her mother told her what to say, J.B. also testified that her mother told her "to tell the truth." Transcript at 24. Having reviewed the record, we find that the testimony of seven-year-old J.B. was not so incredibly dubious or inherently improbable that no reasonable person could believe it. Indeed, the trial court, in finding Hampton guilty, noted that "the victim in this case is very credible, very articulate, mature young lady who gave explicit details of what this Defendant did to her...." Transcript at 111. Based upon the facts detailed above and set forth in the record, we conclude that the State presented evidence of probative value from which a reasonable jury could have found Hampton guilty of child molesting as a class A felony. *See, e.g., Surber v. State*, 884 N.E.2d 856, 869 (Ind.Ct.App.2008) (holding that testimony of six-year-old victim was not incredibly dubious despite some inconsistencies, and that such inconsistencies "are appropriate to the circumstances presented, the age of the witness, and the passage of time between the incident and the time of her statements and testimony") (quoting *Fajardo*, 859 N.E.2d at 1209), *trans. denied.*

---

3. The charging information for Count I read: Samuel Hampton, on or about or between July 1, 2007 and January 12, 2008, being at least twenty-one (21) years of age, did perform or submit to deviate sexual conduct, an act involving a sex organ, that is: penis of Samuel Hampton and the anus of J.B., with J.B., a child who was then under the age of fourteen (14) years, that is: six (6) years of age....
Appellant's Appendix at 26.

■ The issue raised on cross appeal is whether the sentence imposed by the trial court is illegal. The State's argument requires us to interpret Ind.Code § 35–50–2–2. In interpreting statutes, "we do not interpret a statute that is facially clear and unambiguous. Rather, we give the statute its plain and clear meaning." *Zanders v. State*, 800 N.E.2d 942, 944 (Ind.Ct.App. 2003) (internal citations omitted). "[I]f a statute is ambiguous, we seek to ascertain and give effect to the legislature's intent." *Id.* "The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute." *Abney v. State*, 811 N.E.2d 415, 419 (Ind.Ct.App.2004), *adopted by* 821 N.E.2d 375 (Ind.2005). "[P]enal statutes must be strictly construed against the State, but a statute should not be overly narrowed so as to exclude cases fairly covered by it and should be interpreted so as to give efficient operation to the expressed intent of the legislature." *Redden v. State*, 850 N.E.2d 451, 463 (Ind.Ct.App. 2006) (quoting *Baird v. State*, 604 N.E.2d 1170, 1190 (Ind.1992), *cert. denied*, 510 U.S. 893, 114 S.Ct. 255, 126 L.Ed.2d 208 (1993)), *trans. denied.* "Also, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning." *Merritt v. State*, 829 N.E.2d 472, 474 (Ind.2005). "We seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice." *Id.*

Ind.Code § 35–50–2–2 reads in relevant part:

(a) The court may suspend any part of a sentence for a felony, except as pro-

vided in this section or in section 2.1 of this chapter.

(b) Except as provided in subsection (i), with respect to the following crimes listed in this subsection, the court may suspend only that part of the sentence that is in excess of the minimum sentence....

\*    \*    \*    \*    \*    \*

(i) If a person is:

(1) convicted of child molesting (IC 35–42–4–3) as a Class A felony against a victim less than twelve (12) years of age; and

(2) at least twenty-one (21) years of age;

the court may suspend only that part of the sentence that is in excess of thirty (30) years.

Also, Ind.Code § 35–50–2–1(c)(2) dictates that the phrase "minimum sentence" equals twenty years for class A felonies.

■ The State argues that the trial court failed to apply subsection (i) of Ind. Code § 35–50–2–2, "Suspension; Probation; Exceptions," in sentencing Hampton.[4] The State argues that "subsection (i) dictates that the minimum executed sentence available for this particularly aggravated form of child molesting is thirty years, rather than the generally applicable twenty year minimum [for class A felonies]." Appellee's Brief at 11. The State therefore reasons that "[i]n effect, the legislature has declared that when child molesting is committed under these particularly egregious circumstances, the minimum executed sentence for that offense should be thirty years." *Id.* at 10. Hampton argues that "[s]ince there was no time suspended, the trial court did not

---

4. We note that "when the State claims that a trial court failed to sentence a defendant in accordance with statutory requirements, the State may raise that claim for the first time on appeal." *Stephens v. State*, 818 N.E.2d 936, 939–940 (Ind.2004).

run afoul of I.C. 35–50–2–2." Appellant's Reply Brief at 1. Hampton argues that while the State takes the position that "the change in the suspension statute changed the effective minimum sentence for this particular crime," it remains that "if the legislature wished to change the minimum sentence for this crime it could do just that and amend the statute for A felony sentences. It did not do so." *Id.*

We are not persuaded by the State's argument, however, because Ind.Code § 35–50–2–2 addresses only the *suspension* of sentences. Black's Law Dictionary defines the term "suspended sentence" as "[a] sentence postponed so that the defendant is not required to serve time unless he or she commits another crime or violates some other court-imposed condition. A suspended sentence, in effect, is a term of probation." Black's Law Dictionary 1394 (8th ed.2004). In other words, as this court has previously noted, "[t]he plain, ordinary, and usual meaning of the word 'suspend' or the term 'suspension of sentence' implies a conditional, and not an unconditional postponement." *Wilburn v. State,* 671 N.E.2d 143, 147 (Ind.Ct.App. 1996), *trans. denied.*

Based upon the plain language of the statute, we conclude that Ind.Code § 35–50–2–2 dictates only the discretion trial courts have in designating which portions of a defendant's sentence may be suspended and does not expressly set sentencing minimums.[5] *See Wilburn,* 671 N.E.2d at 147 (interpreting the terms "suspend" and "reduce" and holding that the term "suspend" "implies a conditional, and not an unconditional postponement").

Particularly in light of the fact that we strictly construe penal statutes against the

State, *Redden,* 850 N.E.2d at 463 (quoting *Baird,* 604 N.E.2d at 1190), we conclude that the trial court did not illegally sentence Hampton when it sentenced him to the minimum twenty years for child molesting as a class A felony.

For the foregoing reasons, we affirm Hampton's conviction and sentence for child molesting as a class A felony.

Affirmed.

MATHIAS, J., and BARNES, J., concur.

---

5. In amending the statute, it appears that the legislature intended to leave to the discretion of trial courts whether to sentence defendants to the advisory sentence, and require those so sentenced to serve thirty years of executed time, or to sentence defendants to a sentence below the advisory level under certain circumstances.