ATTORNEY FOR APPELLANT
Steven Knecht
Lafayette, Indiana

ATTORNEYS FOR APPELLEE
Gregory Zoeller
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 08S02-1102-CR-108

JASON D. MILLER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Carroll Circuit Court,
No. 08C01-0803-FA-1
The Honorable Donald E. Currie, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 08A02-1002-CR-129

**February 24, 2011**

**Per Curiam.**

Jason Miller was convicted of one count of child molesting as a class A felony and one count of child molesting as a class C felony. With respect to the class A felony, the trial court initially imposed a sentence of thirty years with ten years suspended to probation. The trial court amended Miller's sentence to thirty years executed with no portion suspended after the State asserted that Indiana Code section 35-50-2-2(i) required a minimum sentence of thirty years and

permitted suspension only of the part of a sentence longer than thirty years. The Court of Appeals affirmed the sentence in Miller v. State, No. 08A02-1002-CR-129, slip op. (Ind. Ct. App. Oct. 8, 2010). We grant transfer to address the application of Indiana Code section 35-50-2-2(i) to the sentence for the class A felony conviction.

Generally, a trial court may impose any sentence between twenty and fifty years for a class A felony, and may suspend any part of the sentence imposed. *See* I.C. §§ 35-50-2-2(a) & 35-50-2-4. When the class A felony is child molesting, however, "the court may suspend only that part of the sentence that is in excess of the minimum sentence," i.e., the portion in excess of twenty years. *See* I.C. § 35-50-2-2(b)(4). Furthermore, as relevant here, if the convicted person was over the age of twenty-one and the victim was younger than twelve, "the court may suspend only that part of the sentence that is in excess of thirty years." I.C. § 35-50-2-2(i) ("section 2(i)").

The State asserts that section 2(i) requires a trial court to impose a minimum sentence of thirty years. As the State acknowledges, the issue was decided against it in Hampton v. State, 921 N.E.2d 27, 30-31 (Ind. Ct. App. 2010), *trans. denied*, 929 N.E.2d 795 (table) (Ind. Jun. 17, 2010). There, the Court of Appeals concluded that section 2(i) "dictates only the discretion trial courts have in designating which portions of a defendant's sentence may be suspended and does not expressly set sentencing minimums," 921 N.E.2d at 31, and that trial courts have discretion "whether to sentence defendants to the advisory sentence, and require those so sentenced to serve thirty years of executed time, or to sentence defendants to a sentence below the advisory level under certain circumstances." Id. at n.5. We conclude Hampton correctly decided the issue.

Here, the trial court's original sentence for the Class A conviction was thirty years (the advisory sentence) with ten years suspended. As explained above, this sentence was not authorized because section 2(i) specifies that only that portion of a sentence in excess of thirty years may be suspended. The trial court amended the sentence to thirty years with no time suspended. This sentence was authorized, but the transcript suggests the trial court did so because it thought the State was correct in asserting that section 2(i) required a minimum sentence of thirty years. (Tr., Mot. to Correct Error Hrg., at 4-5.) As indicated, however, a

sentence of less than thirty years could have been imposed because section 2(i) does not set a minimum sentence.

Accordingly, we grant transfer and remand the case to the trial court for resentencing consistent with this opinion. The remainder of the Court of Appeals memorandum decision (reversing the trial court's determination of Miller's credit time classification, finding no violation of double jeopardy principles, and finding sufficient evidence supported the convictions) is summarily affirmed. *See* Appellate Rule 58(A)(2).

Shepard, C.J., and Dickson, Sullivan, Rucker, and David, JJ., concur.