## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 21 2017, 8:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Mark K. Leeman | Curtis T. Hill, Jr. |
| Leeman Law Office and | Attorney General of Indiana |
| Cass County Public Defender | |
| Logansport, Indiana | Tyler G. Banks |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Rodney Joe McGuire, | February 21, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 09A02-1605-CR-1148 |
| v. | Appeal from the Cass Circuit Court |
| State of Indiana, | The Honorable Leo T. Burns, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 09C01-1502-FA-1 |

**Kirsch, Judge.**

[1] Rodney Joe McGuire ("McGuire") pleaded guilty to one count of Class A felony child molesting[1] and was sentenced to a forty-year executed sentence in the Indiana Department of Correction. He appeals, raising the following restated and consolidated issue for our review: whether the trial court abused its discretion when it sentenced him.

[2] We affirm.

## Facts and Procedural History

[3] Between January 1, 2007 and December 31, 2012, McGuire, who was over twenty-one years old at that time, molested B.P., a male child who was under the age of twelve at the time. B.P. did not report the molestation to the police until January 2015. When he did, he recounted that McGuire, who had been in a relationship with B.P.'s mother for twelve years, began molesting him when B.P. was eight or nine years old. B.P. told police that McGuire molested him over 100 times and that the molestation consisted of both oral and anal sex. The molestation continued until around 2013 when B.P. was in the seventh or eighth grade.

[4] The State charged McGuire with six counts of Class A felony child molesting. McGuire later entered into a plea agreement with the State, wherein he would plead guilty to one count of Class A felony child molesting in exchange for the

---

[1] *See* Ind. Code § 35-42-4-3(a). We note that, effective July 1, 2014, a new version of this criminal statute was enacted. Because McGuire committed his crimes prior to July 1, 2014, we will apply the statute in effect at the time he committed his crimes.

State's dismissal of the remaining counts. The plea agreement specified that sentencing would be left to be determined by the trial court. *Appellant's App*. at 69. The agreement also included the following waiver: "Defendant acknowledges that he . . . hereby waives any right to challenge the trial court's finding on sentencing, including the balancing of mitigating and aggravating factors and further waives his right to have the Indiana Court of Appeals review his sentence under Indiana Appellate Rule 7(B)." *Id*. at 69-70.

[5] A plea hearing was held, at which the trial court initially informed McGuire that the sentencing range for a Class A felony was twenty to fifty years with an advisory sentence of thirty years. *Tr*. at 12. After the trial court made this statement, the State offered that, because the victim of the crime was under the age of twelve and McGuire was over the age of twenty-one, the minimum sentence was actually thirty years. *Id*. at 12-13. The trial court, McGuire, and defense counsel all stated their understanding that thirty years was the minimum sentence pursuant to a sentencing statute. *Id*. at 12-14. During this discussion, the trial court also advised McGuire that he would have the right to appeal his sentence. *Id*. at 11. At the conclusion of the plea hearing, the trial court took the acceptance of McGuire's guilty plea under advisement.

[6] Subsequently, a sentencing hearing was held, and after testimony was taken from the investigating detective and a representative of the victim's family, the trial court accepted McGuire's guilty plea and imposed sentence. The trial court found as aggravating factors that McGuire had a criminal history, the very young age of the victim, and the fact that McGuire was in a position of

providing care, custody, or control of the victim when the offense was committed. *Appellant's App*. at 91. The trial court also found McGuire's guilty plea as a mitigating factor. *Id*. at 90. The trial court found that the aggravators outweighed the mitigators and, therefore, justified an aggravated sentence. *Tr*. at 37. The trial court next stated: "The law itself, as was pointed out at the plea hearing, actually suggests a range of from thirty (30) to fifty (50) years in the Department of Correction. Mr. McGuire, I am sentencing you to forty (40) years in the Department of Correction." *Id*. at 37-38. Additionally, in the written sentencing order, the trial court stated, "This is an aggravated sentence based on the fact that, pursuant to statute, the range of sentence in this case is from 30 to 50 years." *Appellant's App*. at 90. During the sentencing hearing, the trial court also informed McGuire that he would have the right to appeal the sentence. *Tr*. at 39-40. McGuire now appeals.

## Discussion and Decision

[7] Sentencing decisions are within the discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* (quoting *K.S. v. State,* 849 N.E.2d 538, 544 (Ind. 2006)).

[8]     McGuire argues that the trial court abused its discretion when it sentenced him. He specifically claims that the trial court's sentencing decision was based upon a mistaken belief that the minimum sentence for his offense was thirty years. Because the minimum sentence for his offense was actually twenty years, and the trial court imposed his sentence based on a misunderstanding of the minimum sentence, McGuire asserts that his sentence was erroneous and must be reversed.[2]

[9]     The State concedes that the trial court mistakenly informed McGuire that the minimum sentence for his conviction was thirty years. Even though the parties did not name the statute relied on for the assumption that thirty years was the minimum sentence, presumably they were referring to Indiana Code section 35-50-2-2(i),[3] which at the time of sentencing stated, in pertinent part: "If a person is: (1) convicted of child molesting . . . as a Class A felony against a victim less than twelve (12) years of age; and (2) at least twenty-one (21) years of age; the court may suspend only that part of the sentence that is in excess of thirty (30)

---

[2] McGuire also asserts, and the State agrees, that he has not waived his right to appeal his sentence. Although the written plea agreement included a statement that he acknowledged that by signing the plea agreement, he was waiving any right to challenge the trial court's finding on sentencing, the trial court, before accepting McGuire's plea agreement, advised him that he had a right to appeal his sentence. *Tr.* at 11. Under these circumstances, we do not find that McGuire has waived his right to appeal based on the terms of his plea agreement. *See Bonilla v. State,* 907 N.E.2d 586, 590 (Ind. Ct. App. 2009) (concluding that Bonilla did not waive right to appeal sentence where trial court advised him at guilty plea hearing and again at sentencing hearing that he had right to appeal sentence), *trans. denied; Ricci v. State,* 894 N.E.2d 1089, 1093-94 (Ind. Ct. App. 2008) (concluding that Ricci did not waive right to appeal sentence where trial court advised him at guilty plea hearing that he had right to appeal sentence), *trans denied.*

[3] Indiana Code section 35-50-2-2 was repealed effective July 1, 2014. Although much of the statute was recodified under Indiana Code section 35-50-2-2.2, the portion at issue here was not included in the recodification.

years." Ind. Code § 35-50-2-2(i). Although it was proper for the trial court to apply this statute to McGuire, because his conviction met the elements of section 35-50-2-2(i), and the statute was in effect at the time of sentencing, the trial court erred in its belief that the statute changed the minimum sentence that could be imposed for McGuire's conviction for Class A felony child molesting. *See Miller v. State*, 943 N.E.2d 348, 349 (Ind. 2011) (holding that Indiana Code section 35-50-2-2(i) did not set a minimum sentence for a Class A felony child molesting conviction). Contrary to the trial court's mistaken belief that the statute changed the minimum sentence for McGuire's conviction, the statute actually only limited the trial court's discretion to *suspend* any portion of the sentence imposed for this particular crime that exceeds thirty years. A trial court could still impose a sentence less than thirty years, but in doing so could not suspend any part of that sentence. *See id*. Consequently, any fully-executed sentence would not implicate the statute. Therefore, to the extent that the trial court advised McGuire that thirty years was the minimum sentence for his conviction, the trial court abused its discretion in sentencing McGuire.

[10] However, although the trial court may have abused its discretion in sentencing a defendant, remand is not necessary if we can "say with confidence that the trial court would have imposed the same sentence" had it properly considered the facts and law applicable to the case. *Anglemyer*, 868 N.E.2d at 491. Indiana Appellate Rule 66(A) provides, "No error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the

evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties." "When we find an irregularity in the trial court's sentencing decision, we may remand to the trial court for a clarification or a new sentencing determination, or affirm the sentence if the error is harmless, or impose a proper sentence." *Rios v. State*, 930 N.E.2d 664, 669 (Ind. Ct. App. 2010) (citing *Merlington v. State,* 814 N.E.2d 269, 273 (Ind. 2004)).

[11] In the present case, the trial court sentenced McGuire to forty years executed in the Department of Correction after finding three aggravating circumstances and one mitigating circumstance. *Tr.* at 37-38. One aggravating factor can be a sufficient basis to enhance a sentence. *Smith v. State*, 908 N.E.2d 1251, 1253 (Ind. Ct. App. 2009). Based on the three aggravators and one mitigator found, the trial court determined that the present case "call[ed] for an aggravated sentence," and it sentenced him to an enhanced sentence ten years above the advisory sentence. *Tr.* at 37-38. McGuire focuses on the statement in the written sentencing statement, where the trial court stated that the aggravated forty-year sentence was "based on the fact" that the trial court believed that the sentencing range was between thirty and fifty years. *Appellant's App.* at 90. However, this statement, together with the oral sentencing statement that the conviction "called for an aggravated sentence," *tr.* at 38, makes it clear that the trial court intended to impose an enhanced sentence, or a sentence in excess of the advisory sentence of thirty years. *See* Ind. Code § 35-50-2-4 (advisory sentence for a Class A felony is thirty years); *Anglemyer*, 868 N.E.2d at 494 (the advisory sentence is the starting point the Legislature has selected as an

appropriate sentence for the crime committed).[4] Because it was evident that the trial court intended to sentence McGuire to an enhanced sentence, it is irrelevant that the trial court incorrectly believed that thirty years was the minimum sentence. There were sufficient aggravating circumstances to justify the enhanced sentence of forty years, and we conclude that any error in sentencing was harmless.

[12] Affirmed.

[13] Robb, J., and Barnes, J., concur.

---

[4] Additionally, Indiana Code section 35-50-2-2(i) was not even pertinent to the trial court's sentencing decision in the present case since the trial court sentenced him to a fully executed term of forty years. *Tr.* at 38 ("I am not suspending any portion of this offense.").