ATTORNEYS FOR APPELLANT
Mark K. Leeman
Leeman Law Office and
Cass County Public Defender
Logansport, Indiana

Andrew Achey
Logansport, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

FILED
Jul 21 2017, 3:39 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 09S02-1707-CR-491

RODNEY J. MCGUIRE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Cass Circuit Court, No. 09C01-1502-FA-1
The Honorable Leo T. Burns, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 09A02-1605-CR-1148

**July 21, 2017**

**Per Curiam.**

Rodney McGuire and his girlfriend had a long-term relationship which ended around 2013. In 2015, the girlfriend's son, B.P., reported that McGuire had molested him repeatedly over the course of several years, beginning when B.P. was eight or nine years old. The State charged McGuire with six counts of Class A felony child molesting. In exchange for dismissal of five counts, McGuire pleaded guilty to one count of Class A felony child molesting. During the plea hearing and at sentencing, the State, defense counsel, and the trial court expressed agreement that

the statutory sentencing range for McGuire's crime was thirty to fifty years. The trial court sentenced McGuire to forty years executed in the Department of Correction. McGuire appealed, contending the trial court's sentence was based on a mistaken understanding of the minimum sentence. Indeed, the parties now agree the statutory sentencing range for McGuire's crime was *twenty* to fifty years, with an advisory sentence of thirty years. *See* Ind. Code § 35-50-2-4 (2012).

The Court of Appeals affirmed McGuire's forty-year sentence. McGuire v. State, No. 09A02-1605-CR-1148, 2017 WL 677734 (Ind. Ct. App. Feb. 21, 2017), *reh'g denied*. Though the parties did not cite a statute for the assumption that thirty years was the minimum sentence, the Court of Appeals presumed they relied on Indiana Code section 35-50-2-2(i).[1] That statute permitted the trial court to suspend only the portion of McGuire's sentence exceeding thirty years, because McGuire was over age twenty-one and B.P. was under age twelve at the time of the crime. Because the trial court imposed an enhanced sentence of forty years, the Court of Appeals concluded it could "'say with confidence that the trial court would have imposed the same sentence' had it properly considered the facts and law applicable to the case." McGuire, 2017 WL 677732, *3 (quoting Anglemyer v. State, 868 N.E.2d 482, 491 (Ind.), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). McGuire seeks transfer, asking this Court to remand his case for resentencing.

The Court of Appeals is correct that Indiana Code section 35-50-2-2(i) allowed the trial court to suspend any portion of McGuire's sentence exceeding thirty years. But the statute did not change the minimum sentence from twenty to thirty years. *See* Miller v. State, 943 N.E.2d 348, 349 (Ind. 2011). We agree with McGuire that remand is appropriate.

---

[1] As the Court of Appeals noted, this portion of the statute was not included in a later recodification. McGuire, 2017 WL 677734, at *2, n.3.

Accordingly, we grant transfer and remand the case to the trial court for resentencing consistent with this opinion. We summarily affirm the Court of Appeals' opinion in all other respects. *See* Appellate Rule 58(A)(2).

Rush, C.J., and David and Slaughter, JJ., concur.
Massa, J., dissents with separate opinion.

**Massa, J., dissenting.**

The Court of Appeals, in its memorandum decision denying relief, concluded it could "'say with confidence that the trial court would have imposed the same sentence' had it properly considered the facts and law applicable to the case." McGuire v. State, No. 09A02-1605-CR-1148, 2017 WL 677734, at *3 (Ind. Ct. App. Feb. 21, 2017), *reh'g denied* (quoting Anglemyer v. State, 868 N.E.2d 482, 491 (Ind.), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). I concur completely with that assessment and thus cannot join in ordering an unnecessary remand.