Christopher Allen BUCHANAN,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–1103–CR–139.

Court of Appeals of Indiana.

Oct. 24, 2011.

Erin L. Berger, Evansville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Christopher Allen Buchanan appeals his sentence for child molesting as a class B felony. Buchanan raises three issues, which we revise and restate as:

I. Whether the trial court erred in calculating the amount of credit time Buchanan was entitled to when it entered its judgment of conviction;

II. Whether the court erred in finding the age of the child victim as an aggravator;

III. Whether the court abused its discretion in sentencing him; and

IV. Whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

Additionally, the State raises the issue of whether Buchanan waived his arguments by the terms of his plea agreement. We affirm.

The relevant facts follow. On June 30, 2009, the State charged Buchanan with three counts of child molesting as class A felonies, child molesting as a class C felony, and possession of child pornography as a class D felony. On September 2, 2010, the State amended the charging information on Count I, child molesting as a class A felony, and on December 13, 2010, the State filed an additional charge against Buchanan as Count VI, child molesting as a class A felony. On January 7, 2011, Buchanan and the State entered into a plea agreement in which Buchanan pled guilty to the lesser included offense of one count of child molesting as a class B felony, and the State agreed to dismiss the remaining charges. In addition, the plea agreement stated that "[t]he parties agree that [Buchanan's] sentence will reflect that he will be credit restricted as provided by Indiana law." Appellee's Appendix at 11. It also stated:

> [Buchanan] agrees that he was fully advised of and knowingly, intelligently and voluntarily waived the right to challenge the 'reasonableness' of the Court's sentence under Appellate Rule 7(B), waived the right to challenge the Court's findings as to aggravating and mitigating circumstances, and waived the right to challenge the weighing of aggravating and mitigating circumstances.

*Id.* at 13.

The chronological case summary ("CCS") contains an entry dated January 7, 2011, which stated in part that Buchanan's counsel "informs the court he went over the plea agreement, each and every word, with [Buchanan] and [Buchanan] understands said plea agreement," that Buchanan had been read his "statement of rights" and that he "understood said rights," that he "has been advised of his constitutional rights and he files an acknowledgment of those rights," and that the court "finds that a factual basis exists for [his] plea of guilty" and "[Buchanan's] plea is made knowingly, voluntarily and

intelligently." Appellant's Appendix at 7. The court accepted the plea agreement, and Buchanan entered a plea of guilty.

On February 4, 2011, the court held a sentencing hearing, and made the following entry in the CCS:

> ... Parties indicate to the court that paragraph 12 was addressed at the time of the taking of the plea. Defense counsel advises he can't appeal this sentencing for abuse of discretion, but any legal basis would still be available. Court ... accepts [Buchanan's] plea and [ ] the agreement of the parties and enters judgment of conviction to Count I child molesting a class B felony, a lesser included offense. As a part of the plea agreement [he] will be credit restricted as provided by Indiana law.... The court takes into consideration the harm, injury, loss or damage suffered by the victim, specifically the testimony of [the victim's grandmother] indicating the difficulties that she is having with the child at this time and the fact that she's had to place him on medication. Court notes that one of the aggravators under Indiana Code is that the child is less than twelve years.... However court finds that the child is five, which is significantly less than the element that's required to prove the offense under the age of fourteen. Court finds that the age of five is a significant individual circumstance and that the helplessness ofa [sic] child of that age in these type[s] of circumstances is also an aggravator.... Court finds that the circumstances of this case that [Buchanan] tried to pay the victim for what occurred, or at least pay the victim for at least [not] telling about what had occurred is an aggravator. Mitigating factor, court takes into consideration information incorporated into this hearing at request of [defense counsel] which includes [Buchanan's] diminished capacity and the reports that were prepared regarding his cognative [sic] abilities and finds that a mitigating factor. Court finds [he] has no history of delinquency or criminal activity, andthat [sic] he has entered a plea of guilty in this case and he is admitting his guilt in this court. Court finds that aggravators outweigh the mitigators.

*Id.* at 5–6. The court sentenced Buchanan to fourteen years in the Department of Correction "with credit restricted time," and it ordered him to be "given credit for five hundred and eighty-nine days plus ninety-eight days good time." *Id.* at 6.

We first address the issue brought by the State, namely, whether Buchanan waived his arguments by the terms of his plea agreement, because it would dispose of many of Buchanan's claims. The State argues that Buchanan "waived his right to appeal his classification of credit restricted felon because he did not object at sentencing and agreed to the classification as part of his plea agreement," and that he "waived his right to appeal the aggravators, mitigators, or the weighing of those circumstances as part of his plea agreement." Appellee's Brief at 4. The State argues that provisions in plea agreements waiving a defendant's right to appeal his sentences are valid and enforceable.

The Indiana Supreme Court has held that "a defendant may waive the right to appellate review of his sentence as part of a written plea agreement." *Creech v. State,* 887 N.E.2d 73, 75 (Ind.2008). In *Creech,* the Court adopted the view of the Seventh Circuit which has declared "that defendants 'may waive their right to appeal as part of a written plea agreement ... as long as the record clearly demonstrates that it was made knowingly and voluntarily.'" *Id.* (quoting *United States v. Williams,* 184 F.3d 666, 668 (7th Cir.

1999)). The Court also indicated that a trial court's erroneously advising a defendant of the possibility of appealing a sentence at sentencing does not cause a defendant to lose his "knowing and voluntary status." *Id.* at 76.

■ As noted above in the statement of issues, Buchanan raises a number of challenges to the sentence imposed by the court. Specifically, Buchanan argues that the court erred in classifying him "as a credit restricted felon for purposes of calculating good time credit prior to [his] conviction," that the court subjected him "to double jeopardy in finding the age of the child to be an aggravating factor where the age of the child was 1) an element of the underlying offense, and 2) the basis for finding [him] to be a credit restricted felon," and that his sentence is inappropriate "pursuant to Ind. Appellate Rule 7(B)" because the court used "the age of the child as both an aggravating factor and as the basis for finding [him] to be a credit restricted felon." Appellant's Brief at 5. However, we note that Buchanan did not file a reply brief or otherwise respond to the State's waiver argument, and accordingly we review the State's claim for *prima facie* error. *Reid v. State*, 883 N.E.2d 872, 873 (Ind.Ct.App.2008) (noting that the defendant did not respond to the State's allegation on cross-appeal and accordingly this court would review for *prima facie* error); *see also Cox v. State*, 780 N.E.2d 1150, 1162 (Ind.Ct.App.2002) (noting that appellee's failure to respond to an issue is akin to failure to file a brief which we review for *prima facie* error). "Prima facie means at first sight, on first appearance, or on the face of it." *Cox*, 780 N.E.2d at 1162. It is our task to determine if any or all of Buchanan's arguments are waived by the terms of his plea agreement, and to address any issues raised by Buchanan that were not so waived.

We begin by examining the relevant statements in the record. As noted above, the plea agreement stated:

[Buchanan] agrees that he was fully advised of and knowingly, intelligently and voluntarily waived the right to challenge the 'reasonableness' of the Court's sentence under Appellate Rule 7(B), waived the right to challenge the Court's findings as to aggravating and mitigating circumstances, and waived the right to challenge the weighing of aggravating and mitigating circumstances.

Appellee's Appendix at 13. Also, the CCS stated that "[d]efense counsel advises he can't appeal this sentencing for abuse of discretion, but any legal basis would still be available." Appellant's Appendix at 5. The plea agreement also contained a provision noting that "[t]he parties agree that [Buchanan's] sentence will reflect that he will be credit restricted as provided by Indiana law." Appellee's Appendix at 11.

■ Initially, regarding Buchanan's challenge to the court's credit time award, we must recognize that Ind.Code § 35–38–3–2 requires a trial court's sentencing judgment to include "the amount of credit, including credit time earned, for time spent in confinement before sentencing." "The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment." *Robinson v. State*, 805 N.E.2d 783, 789 (Ind.2004). Thus, credit toward one's criminal sentence for time in confinement prior to sentencing is not part of the actual sentence. Rather, it is a statute-driven calculation of the days the defendant has already served while waiting for his or her trial and sentencing. In fact, the trial court's determination of credit time is subject to modification thereafter by the Department of Correction pursuant to statutory procedures. *Id.* at 792. Thus, when Buchanan agreed in his plea agreement that "[t]he

parties agree that [Buchanan's] sentence will reflect that he will be credit restricted as provided by Indiana law," he did not waive his ability to challenge the calculation of his credit time, and we will address the issue below. Appellee's Appendix at 11.

■ However, the remaining issues raised by Buchanan fall within the waiver provision of his plea agreement. Again, pursuant to Paragraph 12 of the plea agreement, Buchanan agreed to waive challenges to his sentence under Ind. Appellate Rule 7(B), which allows a defendant to challenge his sentence based upon the nature of the offense and the character of the offender, as well as to the court's findings as to aggravators and mitigators and the relevant weight assigned to each. Thus, Issue (C) of Buchanan's brief, which challenges his sentence pursuant to Rule 7(B) due to the court's use of the victim's age as an aggravating factor, plainly falls within this provision. Similarly Buchanan's Issue (B), although framed as a challenge based upon double jeopardy principles, merely challenges the court's determination that the age of the child victim was an aggravating factor and is therefore waived.[1]

■ Turning to Buchanan's challenge to the court's credit time calculation, we initially note that this issue is appropriate for direct appeal. See *Robinson*, 805 N.E.2d at 786 (noting that a defendant may challenge a trial court's award of credit time on direct appeal). Pursuant to the plea agreement, Buchanan was designated a credit restricted felon pursuant to Ind. Code § 35-41-1-5.5.[2] The court, in sentencing Buchanan, noted in its judgment of conviction that Buchanan was entitled to credit time in the amount of 589 days for time served "plus ninety-eight days good time." Appellant's Appendix at 6.

■ Buchanan argues that "[a]t the time he committed his offenses, [he] did not meet the definition of 'credit restricted felon' as he had not yet been convicted of an offense described in I.C. 35-41-1-5.5." Appellant's Brief at 8. Buchanan argues that therefore he "was entitled to one day of good time credit for each day served until such time as he met the definition of credit restricted felon," which equates to "five hundred and eighty-nine days good time credit rather than the ninety-eight days that he was awarded." *Id.* at 9.

This issue requires us to interpret certain provisions of Ind.Code § 35-50-6. "In interpreting statutes, we do not interpret a statute that is facially clear and

---

1. We note that, even if Buchanan did not waive this issue, cases from this court and the Indiana Supreme Court have repeatedly held that "in some instances the 'tender age' of a victim in a child molesting case may be considered an aggravating factor as a particularized circumstance of the crime." *Edrington v. State*, 909 N.E.2d 1093, 1097 (Ind.Ct.App. 2009) (citing *Kien v. State*, 782 N.E.2d 398, 414 (Ind.Ct.App.2003) (citing *Buchanan v. State*, 767 N.E.2d 967, 971 (Ind.2002)), *reh'g denied, trans. denied*), *trans. denied; see also Reyes v. State*, 909 N.E.2d 1124, 1128 (Ind.Ct. App.2009) ("[A] trial court may consider age as an aggravator only if the youth of the victim is extreme."). Here, the record reveals that Buchanan, who was born in 1984, pled

guilty to molesting a child victim who was five years old on the date of the offense. Further, to the extent that Buchanan argues that Ind.Code § 35-50-6-3(d) abrogates this case law, we note that he does not cite to authority for this proposition.

2. Ind.Code § 35-41-1-5.5 provides in relevant part: " 'Credit restricted felon' means a person who has been convicted of ... (1) Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if: (A) the offense is committed by a person at least twenty-one (21) years of age; and (B) the victim is less than twelve (12) years of age."

unambiguous. Rather, we give the statute its plain and clear meaning." *Hampton v. State,* 921 N.E.2d 27, 30 (Ind.Ct.App.2010) (internal quotations omitted), *reh'g denied, trans. denied.* "[I]f a statute is ambiguous, we seek to ascertain and give effect to the legislature's intent." *Id.* "The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute." *Id.* (quoting *Abney v. State,* 811 N.E.2d 415, 419 (Ind.Ct.App.2004), *adopted by* 821 N.E.2d 375 (Ind.2005)). "[P]enal statutes must be strictly construed against the State, but a statute should not be overly narrowed so as to exclude cases fairly covered by it and should be interpreted so as to give efficient operation to the expressed intent of the legislature." *Id.* (quoting *Redden v. State,* 850 N.E.2d 451, 463 (Ind.Ct.App.2006) (quoting *Baird v. State,* 604 N.E.2d 1170, 1190 (Ind.1992), *cert. denied,* 510 U.S. 893, 114 S.Ct. 255, 126 L.Ed.2d 208 (1993)), *trans. denied* ). "Also, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning." *Id.* (quoting *Merritt v. State,* 829 N.E.2d 472, 474 (Ind.2005)). "We seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice." *Id.*

We begin by citing Ind.Code § 35–41–1–5.5, which defines credit restricted felon as "a person who has been convicted of ... (1) Child molesting involving sexual intercourse or deviate sexual conduct (IC 35–42–4–3(a)), if: (A) the offense is committed by a person at least twenty-one (21) years of age; and (B) the victim is less than twelve (12) years of age." Also, Ind.Code § 35–50–6–4 provides in relevant part:

(a) A person who is not a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or

sentencing is initially assigned to Class I.

(b) A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is *initially* assigned to Class IV. A credit restricted felon may not be assigned to Class I or Class II.

(Emphasis added). Also, Ind.Code § 35–50–6–3(a) provides that "[a] person assigned to Class I earns one (1) day of credit time for each day the person is imprisoned for a crime or confined awaiting trial or sentencing," while subsection (d) provides that "[a] person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing."

As the Indiana Supreme Court recognized in *Robinson,* a trial court's determination of credit time for time served as of the time of sentencing "is subject to modification thereafter by the Department of Corrections pursuant to statutory procedures." 805 N.E.2d at 792. *Robinson* also examined Ind.Code § 35–38–3–2, which notes that a court must include "the amount of credit, including credit time earned, for time spent in confinement before sentencing" when it issues its judgment of conviction. *Id.* at 789. The Court noted that "[t]he time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment." *Id.* Ind. Code 35–38–3–2(d) provides that "[a] term of imprisonment begins *on the date the sentence is imposed.* ..." (Emphasis added).

After reviewing the relevant statutes and the relevant case law, we find that Buchanan's argument fails. Again, Ind. Code § 35–50–6–4(b) provides that a credit restricted felon "is *initially* assigned to

Class IV." (Emphasis added). Although Buchanan did not attain credit restricted felon status until the date of sentencing, the Indiana Code dictates that a term of imprisonment begins on the date of sentencing and credit time earned is at that point calculated by the court and applied against that sentence. Thus, at sentencing Buchanan was identified as a credit restricted felon and was assigned to Class IV, and we conclude that his credit time was therefore calculated accordingly.

Moreover, even if the court had granted Buchanan 589 days of good time credit, as noted in *Robinson* the Department of Correction possesses the power to modify his credit time, and indeed it may have felt compelled to do so because, under I.C. 35–50–6–4(b), persons who are credit restricted felons are *initially* assigned to Class IV.

For the foregoing reasons, we affirm Buchanan's sentence for child molesting as a class B felony.

Affirmed.

BAKER, J., and KIRSCH, J., concur.