**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana



FILED

Jul 05 2012, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| STATE OF INDIANA, | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | ) No. 66A03-1202-CR-75 |
| | ) |
| DONNA STILTZ, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE PULASKI SUPERIOR COURT
The Honorable Patrick B. Blankenship, Judge
Cause No. 66D01-1005-CM-87
Cause No. 66D01-1103-CM-29

**July 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Donna Stiltz entered a plea agreement to resolve charges of invasion of privacy, resisting law enforcement, battery on a law enforcement officer, disorderly conduct, and violation of probation. The agreement stated that she would serve an aggregate sentence of eight months' incarceration. After serving one month, she submitted a letter to the trial court requesting a modification of sentence, which was granted. On appeal, the State challenges the authority of the trial court to modify her sentence. We reverse and remand.

**Facts and Procedural History**

On May 7, 2010, under cause number 66D01-1005-CM-87 ("Cause 87"), the State charged Stiltz with class A misdemeanor operating a vehicle while intoxicated and class C misdemeanor operating a vehicle with an ACE of .08 or more. On June 22, 2010, under Cause 87, Stiltz pled guilty to class A misdemeanor operating a vehicle while intoxicated and was sentenced to a twelve-month suspended term and placed on probation for twelve months. On March 3, 2011, under cause number 66D01-1103-CM-29 ("Cause 29"), the State charged Stiltz with the following: class A misdemeanor invasion of privacy, class A misdemeanor resisting law enforcement, class A misdemeanor battery on a law enforcement officer, and class B misdemeanor disorderly conduct. On April 1, 2011, under Cause 87, the State filed a violation of probation notice.

On August 9, 2011, the parties presented to the trial court a plea agreement that resolved Cause 29 and the probation violation notice. Under the agreement, Stiltz pled guilty to class A misdemeanor invasion of privacy and class A misdemeanor battery on a law

2

enforcement officer and admitted to the probation violation. The parties agreed that Stiltz would serve an eight-month executed sentence without suspension. The agreement also stated that the "defendant understands and waives the right to petition the Court for modification of sentence pursuant to I.C. 35-38-1-17 or pursuant to any other basis …." Appellant's App. at 25. The court accepted the plea agreement and ordered Stiltz to begin serving her sentence on September 6, 2011.

On September 7, 2011, the court received notice that Stiltz did not report to begin serving her sentence. As a result, the court issued a warrant for her arrest. The warrant was served on December 19, 2011. On January 10, 2012, Stiltz submitted a letter to the court requesting a modification of her sentence to care for her ill son. At a hearing on January 17, 2012, over the State's objection, the trial court granted the modification and reduced her sentence to time served. The State appealed. On April 4, 2012, the State filed a notice with this Court indicating that it had unsuccessfully attempted to serve notice on Stiltz regarding its appeal.

**Discussion and Decision**

On appeal, the State challenges the trial court's authority to modify Stiltz's sentence. Stiltz did not respond to the State's allegations on appeal, so we must review the State's claim for prima facie error. *Buchanan v. State*, 956 N.E.2d 124, 127 (Ind. Ct. App. 2011). "Prima facie means at first sight, on first appearance, or on the face of it." *Id.* (quoting *Cox v. State*, 780 N.E.2d 1150, 1162 (Ind. Ct. App. 2002)).

This is not a case of first impression. Our supreme court has explained:

3

[A] plea agreement is contractual in nature, binding the defendant, the state and the trial court. The prosecutor and the defendant are the contracting parties, and the trial court's role with respect to their agreement is described by statute: "If the court accepts the plea agreement, it shall be bound by its terms." Ind. Code § 35-35-3-3(e) (West Supp. 1993).

As the statute suggests, the trial court may at its discretion reject the plea agreement and try the case or consider any new plea agreement the parties negotiate. Once it has accepted a plea agreement recommending a specific sentence, however, the terms of the agreement constrain the discretion the court would otherwise employ in sentencing. Even after a sentence has been imposed pursuant to a plea agreement containing a recommendation of a specific term of years, that sentence may not be altered upon subsequent motion, such as under Ind. Code § 35-38-1-23 [now Indiana Code Section 35-38-1-17[1]] for "shock probation," unless the agreement contained a specific reservation of such authority for the trial judge. [*State ex rel. Goldsmith v. Marion Cnty. Super. Ct.*, 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981).]

*Goldsmith* and its progeny each uphold the principle that a deal is a deal. Once it has accepted a plea agreement, the sentencing court possesses only that degree of discretion provided in the plea agreement with regard to imposing an initial sentence or altering it later.

---

[1] Indiana Code Section 35-38-1-17 provides:

(a) Within three hundred sixty-five (365) days after:

(1) a convicted person begins serving the person's sentence;

(2) a hearing is held:

(A) at which the convicted person is present; and

(B) of which the prosecuting attorney has been notified; and

(3) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned; the court may reduce or suspend the sentence. The court must incorporate its reasons in the record."

The statute was not the basis for Stiltz's request for modification or the trial court's rationale for granting the modification.

*Pannarale v. State*, 638 N.E.2d 1247, 1248 (Ind. 1994) (citation and quotation marks omitted).

Here Stiltz's plea agreement specified a total executed sentence of eight months. Stiltz had served only one month of her sentence. Both the plea agreement and the trial court's order specifically prohibited the suspension of any part of the sentence, and the plea agreement prohibited Stiltz from seeking modification of her sentence pursuant to Indiana Code Section 35-38-1-17 or any other basis. The plea agreement contained no provisions allowing the trial court to modify the terms of the agreement once the agreement was accepted. The trial court accepted the terms of the agreement and must be bound by those terms. Although we empathize with the trial court's rationale for granting Stiltz's request for sentence modification, the law is settled on the issue. Accordingly, we conclude that the State has shown prima facie error. Therefore, we reverse and remand with instructions to reinstate Stiltz's sentence in accordance with the plea agreement.

Reversed and remanded.

VAIDIK, J., and BRADFORD, J., concur.