## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 07 2017, 7:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela N. Sanchez
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Andrew C. Robinson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 7, 2017 <br><br> Court of Appeals Case No. 21A01-1706-CR-1229 <br><br> Appeal from the Fayette Superior Court <br><br> The Honorable Daniel L. Pflum, Senior Judge <br><br> Trial Court Cause No. 21D01-1512-F2-992 |

**Robb, Judge.**

# Case Summary and Issue

[1]     Andrew Robinson pleaded guilty to robbery, a Level 2 felony, and battery, a Level 6 felony, and the trial court sentenced him to thirty years executed in the Indiana Department of Correction. On appeal, Robinson raises two issues related to his sentence for our review. The State responds alleging Robinson waived the right to appeal his sentence. Concluding Robinson waived the right to appeal his sentence, we affirm.

# Facts and Procedural History

[2]     On December 16, 2015, the State charged Robinson with eight counts: robbery and burglary, both Level 2 felonies; battery, a Level 3 felony; battery, a Level 6 felony; striking a law enforcement animal, resisting law enforcement, and possession of marijuana with a prior conviction, all Class A misdemeanors; and possession of marijuana, a Class B misdemeanor. The State also alleged Robinson was an habitual offender.

[3]     On April 3, 2017, Robinson entered into a written plea agreement with the State where, in exchange for pleading guilty to robbery, a Level 2 felony, and battery, a Level 6 felony, the State would dismiss the remaining counts and the habitual offender enhancement. Additionally, the plea agreement provided:

> The defendant further acknowledges that, by entering this plea agreement, he/she knowingly and voluntarily agrees to waive his/her right to appeal the resulting sentence on the basis that it is erroneous or for any other reason so long as the sentence is

within the terms of this plea agreement. If this plea agreement includes an open sentence provision (which leaves defendant's sentence to the discretion of the Judge), the defendant hereby waives the right to appeal the sentence so long as the sentence is within the terms of this plea agreement.

Appellant's Appendix, Volume 2 at 29.

[4] At the guilty plea hearing, the trial court advised Robinson of the numerous rights he would waive by pleading guilty. Robinson acknowledged these rights. The trial court went on to state:

> [Trial Court]: Do you understand if you were to have a trial and were found guilty that you have the right to appeal your conviction[?]
>
> [Robinson]: Yes sir.
>
> [Trial Court]: Do you understand that if you plead guilty that you give up that right to appeal[?]
>
> [Robinson]: Yes sir.
>
> * * *
>
> [Trial Court]: Now I have before what purports to be a plea agreement with your signature on it. Did you sign it?
>
> [Robinson]: Yes sir.
>
> [Trial Court]: Did you read it before you signed it?

[Robinson]: Yes sir.

[Trial Court]: Did you discuss with your attorney before you signed it?

[Robinson]: Yes sir.

Transcript, Volume 2 at 31; 34.

[5] The trial court accepted Robinson's guilty plea and entered judgment of conviction. At the sentencing hearing on May 5, 2017, the trial court sentenced Robinson to thirty years in the Indiana Department of Correction. Thereafter, the court stated:

> [Trial Court]: Okay first off, because this was an open sentencing, an open sentence, uh you have the right to appeal this sentence uh to do so you must file a motion to correct errors or a notice of appeal within 30 days of today's date . . . .

*Id.* at 111. Robinson now appeals.

# Discussion and Decision

[6] The State argues Robinson cannot challenge his sentence because he waived his right to do so pursuant to the terms of the plea agreement. In his appellant's brief, Robinson failed to put forth an argument regarding waiver, focusing only on the merits of his appeal. Despite the State contending Robinson waived appellate review in its Brief of the Appellee, Robinson did not file a reply brief or otherwise respond to the State's waiver argument. Therefore, we review the

State's claim for *prima facie* error. *Buchanan v. State,* 956 N.E.2d 124, 127 (Ind. Ct. App. 2011) (noting that the defendant did not respond to the State's allegation that the defendant had waived his right to appeal and therefore this court would review for *prima facie* error). "Prima facie means at first sight, on first appearance, or on the face of it." *Id.*

[7]     The State contends that Robinson's plea agreement waived his right to appeal. Plea agreements "are in the nature of contracts entered into between the defendant and the [S]tate." *Perez v. State,* 866 N.E.2d 817, 819 (Ind. Ct. App. 2007), *trans. denied.* As provided above, the plea agreement stated:

> The defendant further acknowledges that, by entering this plea agreement, he/she knowingly and voluntarily agrees to waive his/her right to appeal the resulting sentence on the basis that it is erroneous or for any other reason so long as the sentence is within the terms of the plea agreement. If this plea agreement includes an open sentence provision (which leaves defendant's sentence to the discretion of the judge), the defendant hereby waives the right to appeal the sentence so long as the sentence is within the terms of this plea agreement.

Appellant's App., Vol. 2 at 29. The plea agreement provides the following open sentence provisions:

> [Robbery]:  Open sentencing with restitution to be determined by Court.
>
> *Concurrent with:*

[Battery]:    Open sentencing with restitution to be determined by Court.

*Parties agree that Purposeful Incarceration is appropriate. The Court shall determine, after argument, both the length of the sentence and what amount of said sentence shall be served prior to eligibility for Purposeful Incarceration.*

*Id.* at 28.

[8]    The trial court also engaged in a colloquy with Robinson, asking, "Do you understand that if you plead guilty that you give up that right to appeal[?]" to which Robinson replied, "Yes sir." Tr., Vol. 2 at 31. However, after Robinson entered the plea agreement and the trial court accepted the agreement on April 3, the trial court erroneously advised Robinson that he had the right to appeal his sentence at the conclusion of his sentencing hearing on May 5. The State contends that such evidence clearly indicates Robinson knowingly and voluntarily waived the right to appeal and the trial court's erroneous statement at sentencing—after Robinson had accepted the plea agreement and was sentenced— "does not matter[.]" Brief of the Appellee at 19.

[9]    We agree with the State. It is well established in our jurisprudence that "a defendant may waive the right to appellate review as part of a written plea agreement." *Creech v. State,* 887 N.E.2d 73, 75 (Ind. 2008). In *Creech,* our supreme court explained that in order for a defendant to waive such a right, the record must demonstrate the waiver was made "knowingly and voluntarily." *Id.* There, the defendant waived his right to appeal in a written plea agreement

but the trial court made remarks to the contrary at sentencing. Presented with almost identical facts, our supreme court explained:

> . . . Creech argues that he did not knowingly and voluntarily waive his right to appeal, despite the express language in the written plea agreement, because the court made statements at the close of the sentencing hearing that led him to believe that he retained the right to appeal. While we take this opportunity to emphasize the importance of avoiding confusing remarks in a plea colloquy, we think the statements at issue are not grounds for allowing Creech to circumvent the terms of his plea agreement.

*Id.* at 76. Accordingly, we find *Creech* as controlling of the issue now before us.

[10]  Here, Robinson knowingly and voluntarily waived his right to appeal by accepting the plea agreement and confirming his knowledge of—and agreement to—such a waiver to the trial court. Although the trial court erroneously advised Robinson he maintained his right to appeal at sentencing,[1] "it is clear that under *Creech,* a trial court's incorrect advisement at the conclusion of a defendant's sentencing hearing has no effect on an otherwise knowing, voluntary, and intelligent waiver of the right to appeal his sentence[.]" *Ricci v.*

---

[1] We have *repeatedly* urged trial courts to be vigilant of plea agreements containing a waiver of the right to appeal and, as our supreme court explained in *Creech,* trial courts must avoid including confusing remarks in their plea colloquy or at sentencing. *See, e.g., Mechling v. State,* 16 N.E.3d 1015, 1018 n.4 (Ind. Ct. App. 2014), *trans. denied.*

Moreover, we must remind counsel—both prosecutors and defense attorneys—of their duty as officers of the court to correct the record and to notify the court that the right to appeal has been waived by the terms of the underlying plea agreement. Waiver of such a right should not come as a surprise to either party, especially the prosecutor who prepared such agreement.

*State*, 894 N.E.2d 1089, 1093 (Ind. Ct. App. 2008), *trans. denied.* Therefore, Robinson waived his right to appeal his sentence and we need not address the merits of his argument.

# Conclusion

Because Robinson waived his right to appeal pursuant to the plea agreement, we affirm the sentence.

Affirmed.

Riley, J., and Pyle, J., concur.