**Richard VESTAL, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 11S04–0208–CR–433.

Supreme Court of Indiana.

Aug. 19, 2002.

Susan K. Carpenter, Public Defender of Indiana, David P. Freund, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition to Transfer

DICKSON, Justice.

The defendant, Richard Vestal, was convicted of burglary as a class C felony[1] and theft as a class D felony.[2] On appeal, the Court of Appeals rejected the defendant's double jeopardy claim but remanded for an indigency hearing to determine responsibility for payment of costs. *Vestal v. State,* 745 N.E.2d 249 (Ind.Ct.App.2001). The defendant seeks transfer. Pursuant to Ind.Appellate Rule 58(A),[3] we grant transfer vacating Part I of the opinion of the Court of Appeals but summarily affirming Part II of its opinion.

Citing *Richardson v. State,* 717 N.E.2d 32 (Ind.1999), the defendant contends that applying the actual evidence test, his convictions for burglary and theft violate Article 1 Section 14, the Double Jeopardy Clause of the Indiana Constitution.[4] The defendant contends that under the jury instructions, "the jury had to find the exact same facts" to convict him of both burglary and theft. Br. of Defendant–Appellant at 11. In *Richardson,* we explained that two offenses are the "same offense" in violation of the Indiana Double Jeopardy Clause if, "with respect to *either*

---

1. Ind.Code § 35–43–2–1.

2. Ind.Code § 35–43–4–2(a).

3. Formerly Ind.Appellate Rule 11(B)(3).

4. "No person shall be put in jeopardy twice for the same offense."

the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." 717 N.E.2d at 49. To show that two challenged offenses constitute the same offense under the actual evidence test, "a defendant must demonstrate a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id.* at 53.

Here the evidence established that, while drinking with his son in Terre Haute, Indiana, the defendant asked his son if he wanted to make some money. The son answered affirmatively, and the defendant drove the two of them to the Bottle Shop liquor store in Brazil, Indiana, in the early morning hours of January 25, 1997. The defendant parked his truck nearby, broke a store window, and pried the door open with a crowbar. Without the owner's permission, both the defendant and his son entered and took whiskey, cases of beer, cartons of cigarettes, miniature bottles of vodka, and almost $100 in cash, loaded the goods in the defendant's truck, and then returned to Terre Haute, placing the stolen goods in the defendant's bedroom.

The trial commenced and concluded in a single day. The jury's consideration of the evidence was guided by preliminary and final instructions that informed the jury of the content of the charging information,[5] the statutory definitions of the offenses, and listed the elements required to be proven by the State.[6]

---

**5.** The instructions advised the jury that the information filed by the State alleged that the defendant did: "Count 1—break and enter the building or structure of another person, with intent to commit a felony, to-wit: broke and entered the Bottle Shop, with the intent to commit theft, and Count 2—knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, to wit, took one bottle of Jim Beam, 6½ 12 pack cases of Budweiser beer, 9 cartons of miscellaneous cigarettes (Marlboro and Camel), and small bottles of alcohol, and $92 in cash." Record at 46.

**6.** As to burglary, the jury was advised as follows:

The crime of burglary is defined by statute as follows: A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits Burglary, a Class C Felony.

To convict the defendant, Richard Vestal, the State must have proved each of the following elements:
The defendant
1. knowingly or intentionally
2. broke and entered
3. the building or structure of the Bottle Shop

4. with the intent to commit a felony theft in it, to-wit: exerted unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, to-wit: took one bottle of Jim Beam, 6½ 12 pack cases of Budweiser beer, 9 cartons of miscellaneous cigarettes, small bottles of alcohol and $92 in cash.

Record at 58. As to theft, the jury was advised:

The crime of theft is defined by statute as follows: A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a class D felony. To convict the defendant, Richard Vestal, the State must have proved each of the following elements:
The defendant
1. knowingly or intentionally
2. exerted unauthorized control
3. over property of another person, . . .
4. with intent to deprive the other person of any part of its value or use

Record at 59. As to each of the crimes, the instructions additionally required that each of these elements must be proven beyond a reasonable doubt.

We find that there is no reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of both burglary and theft. The evidentiary facts establishing the commission of theft (removing goods and cash from the liquor store with the intent to deprive the owner of its use or value) do not also establish that the defendant broke and entered the store. Similarly, the evidentiary facts establishing the commission of burglary (discussing desire to get money and then driving from Terre Haute to Brazil in the early morning hours and using crowbar to break into and enter liquor store) do not also establish that the defendant exerted control over and removed goods and cash from the store.

The defendant argues that the final instruction enumerating the elements of burglary required the jury not only to find that that he entered the liquor store with the intent to commit theft but also to find that he exerted unauthorized control over specific property with the intent to deprive the owner of its value or use. To the contrary, the words in the instruction following "to-wit:"[7] merely describe the theft intended and did not compel the jury to find the completed theft as an element of the burglary.

In support of his claim of double jeopardy under the actual evidence test, the defendant cites *Marcum v. State*, 725 N.E.2d 852 (Ind.2000), in which we vacated an auto theft conviction because there was "at least a reasonable possibility, if not a near certainty, that the jury used the same evidentiary fact ... to prove an essential element of conspiracy to commit burglary and also the essential elements of the auto theft...." *Id.* at 864. We reached that reasoned conclusion because the jury instructions on the conspiracy offense required the jury to use the specific facts of the auto theft to constitute the overt act element of the conspiracy. Unlike *Marcum*, the present case presents separate evidence of the defendant's intent at the time of the breaking and entering. In addition, the *Marcum* conspiracy instruction informed the jury that proof of the completed auto theft was the overt act of the conspiracy, whereas, in the present case, the instructions did not direct the jury to find the elements of the completed theft in order to establish the defendant's intent at the time of the breaking and entering.

The defendant has not established a reasonable possibility that the jury used the same evidentiary facts to convict the defendant of two offenses. Considering the abundant evidence presented at trial—the defendant asking his son if he wanted to make some money, driving to Brazil in the middle of the night, going to the Bottle Shop, taking out the crowbar and breaking a window and prying open the door, and entering the store—we decline his claim that the evidence used by the jury to establish the commission of burglary was also used to establish theft, in violation of the Indiana Double Jeopardy Clause.

We grant transfer, thereby vacating the opinion of the Court of Appeals as to its discussion of double jeopardy, but summarily affirm the Court of Appeals as to its resolution of other issues and its remand to the trial court accordingly. The defendant's convictions are affirmed.

SHEPARD, C.J., and RUCKER, J., concur.

SULLIVAN, J., concurs in result.

BOEHM, J., concurs in result with separate opinion.

7. See the previous footnote.

BOEHM, Justice, concurring in result.

I contended in *Guyton v. State*, 771 N.E.2d 1141, 1149 (Ind.2002) (Boehm, J., concurring), that we should admit that we have abandoned the *Richardson* "actual evidence" test. I think this case supports that contention. The burglary instruction told the jury that a burglary conviction required four things, the last of which was that the burglary was committed:

> with the intent to commit a felony theft in it, to-wit: exerted unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, to-wit: took one bottle of Jim Beam, 6½ 12 pack cases of Budweiser beer, 9 cartons of miscellaneous cigarettes, small bottles of alcohol and $92 in cash.

The majority says that the words following "to-wit" "merely describe the theft intended and did not compel the jury to find the completed theft as an element of burglary." That may be our reading of the instruction, and perhaps it is a correct reading of that instruction. But a jury adhering to the instruction's first line— "the State must have proved each of the following elements"—might easily conclude that the entire fourth "element," which included every fact in the theft instruction, had to be proven to return a guilty verdict on the burglary charge. These facts included the specific amount of cash stolen ($92) and precisely nine cartons of cigarettes. If the jury understood this instruction as the majority reads it, it seems improbable that it would have convicted Vestal of burglary because an intent at the time of entry to steal $92 is highly unlikely. At the very least, there is a reasonable possibility that the jury reached the conclusion that it must find that this particular theft must have been accomplished, not that an intent to commit any old theft was sufficient. The point is

we simply do not know the jury's reasoning. For the reasons given in my concurrence in *Guyton,* I would not attempt to guess at the jury's process and would return to the pre-Richardson methodology that I believe the Court in *Guyton* adopts.

This Court recently reiterated the formulation of constitutional and other double jeopardy doctrines proposed by Justice Sullivan's concurrence in *Richardson. Guyton,* 771 N.E.2d at 1141–49. I agree and therefore concur in the result reached by the majority. I believe that an appellate court reviewing de novo the relevant information in this case, including the evidence, the arguments of counsel, and the instructions, can readily conclude that there was sufficient evidence of facts supporting the burglary that were not the "very same facts" supporting the theft. The burglary was complete upon breaking with intent to take some property, and the theft was consummated when the specified items were taken. On that basis, I concur in the majority's conclusion that there is no double jeopardy violation.