## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 16 2015, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Susan D. Rayl
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Gregory,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

October 16, 2015

Court of Appeals Case No.
49A02-1503-CR-131

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

Trial Court Cause No.
49G17-1405-FD-27077

**Brown, Judge.**

[1] David Gregory appeals his convictions for criminal mischief as a class B misdemeanor and unauthorized entry of a motor vehicle as a class B misdemeanor. Gregory raises one issue which we revise and restate as whether his convictions violate double jeopardy principles. We affirm.

## Facts and Procedural History

[2] In October 2013, Amber (Gregory) Baker and Gregory separated, and Baker obtained a protective order against Gregory. On May 14, 2014, Baker and Gregory finalized their divorce. As part of the property settlement, Baker took possession of a 2009 Mini Cooper S and Gregory took possession of a 2011 Chevrolet Silverado.

[3] On the morning of May 15, 2014, Baker drove her Mini Cooper to the Cummins Behavioral Health parking lot where she worked and parked her vehicle. She had a meeting with her supervisor scheduled for around 9:00 a.m. Before she entered the building she made sure that her personal belongings which, among other items, included a purse containing her birth certificate, social security card, driver's license, and mail to prove her residency so that she could change her name, were secured in the back of her vehicle.

[4] On the same day, Shayna Aguilar, a nurse at Cummins Behavioral Health, arrived at the parking lot for work between 8:45 and 8:50 a.m., during which time she applied her makeup and listened to the radio before beginning her work day. While sitting in her vehicle, Aguilar noticed a black SUV pull into the parking lot near Baker's Mini Cooper and saw a male exit the vehicle.

Aguilar observed the individual, who she later identified as Gregory, "raise[] up a blanket, it was blue, and um, broke the [back] window" with his arm. Transcript at 29. She also noticed that he reached inside the vehicle with the blanket but did not remember seeing him take anything out of the car. The items in Baker's purse were later found to be missing from the back of her vehicle after Gregory broke the window and reached inside the vehicle. After observing the event, Aguilar, who had never met or seen Gregory, entered the building where she reported what she had seen to one of the doctors she worked with, and eventually the police were called to the scene. Aguilar gave police a description of the man she saw, which matched that of Gregory, and she eventually identified Gregory in a photo array.

[5] On May 23, 2014, and, as amended on July 21, 2014, the State charged Gregory with Count I, theft as a class D felony; Count II, escape as a class D felony; Count III, invasion of privacy as a class A misdemeanor; Count IV, criminal mischief as a Class B misdemeanor; Count V, unauthorized entry of a motor vehicle as a Class B misdemeanor; and Count VI, invasion of privacy as a class D felony.[1]

[6] On January 14, 2015, the court held a bench trial at which the State presented testimony and evidence consistent with the foregoing. The court found that the

---

[1] Count VI was originally charged as part II of Count III and enhanced Gregory's invasion of privacy charge to a class D felony for previously violating a protective order under a different cause number.

State met its burden as to Counts I, III, IV, V, and VI. The State had previously dismissed Count II.

[7] On February 4, 2015, the court sentenced Gregory on Counts I and VI concurrently to 910 days in the DOC with 180 days suspended to probation, and to a concurrent 58 days in the Marion County Jail for Counts IV and V.[2]

### *Discussion*

[8] The issue is whether Gregory's convictions for criminal mischief and unauthorized entry of a motor vehicle as class B misdemeanors violate double jeopardy principles. The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." IND. CONST. art. 1, § 14. "Indiana's Double Jeopardy Clause . . . prevent[s] the State from being able to proceed against a person twice for the same criminal transgression." *Hopkins v. State*, 759 N.E.2d 633, 639 (Ind. 2001) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)). The Indiana Supreme Court has held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Richardson*, 717 N.E.2d at 49.

---

[2] Count III was merged into Count VI.

[9]     Gregory argues that he was convicted of criminal mischief and unauthorized entry of a motor vehicle for the sole act of breaking the window to gain entry into the vehicle. He asserts that the convictions violate the actual evidence test because the unauthorized entry was gained through the broken rear window and that without the criminal mischief there would be no unauthorized entry. The State's position is that there is no double jeopardy violation because the actual evidence used to find him guilty of both offenses is different, and it maintains that Gregory's conviction for criminal mischief stems from his act of breaking the rear window, while his conviction for unauthorized entry of a motor vehicle stems from his act of using the opening to reach inside the vehicle. The State asserts that both offenses "required elements and facts that were unique and did not overlap with the other offense." Appellee's Brief at 6.

[10]    In applying the actual evidence test, a defendant must demonstrate and a reviewing court must conclude that there is a reasonable possibility that the evidentiary facts used by the factfinder to establish the essential elements of an offense for which the defendant was convicted or acquitted may also have been used to establish all the essential elements of a second challenged offense. *Hines v. State,* 30 N.E.3d 1216, 1222 (Ind. 2015).

[11]    At the time of the offenses, Ind. Code § 35-43-1-2(a)(1)[3] governed criminal mischief as a class B misdemeanor and provided in part that a person who

---

[3] Subsequently amended by Pub. L. No. 158-2013, § 453 (eff. July 1, 2014); Pub. L. No. 21-2014, § 2 (eff. July 1, 2014).

"recklessly, knowingly, or intentionally damages or defaces property of another person without the other person's consent . . . commits criminal mischief as a class B misdemeanor." At the time of the offenses, Ind. Code § 35-43-4-2.7(d)[4] governed the unauthorized entry of a motor vehicle and provided in part:

> (d) A person who:
>
>> (1) enters a motor vehicle knowing that the person does not have the permission of an owner, a lessee, or an authorized operator of the motor vehicle to enter the motor vehicle; and
>>
>> (2) does not have a contractual interest in the motor vehicle;
>
> commits unauthorized entry of a motor vehicle, a Class B misdemeanor.

The allegation in the amended charging information for criminal mischief under Count IV states that Gregory "did without the consent of Amber Gregory, recklessly or knowingly damage that person's property, to wit: her car by breaking a window and/or windshield." Appellant's Appendix at 43. The amended charging information for unauthorized entry of a motor vehicle under Count V states that Gregory, "not having a contractual interest in the motor vehicle, that is: a white and black Mini Cooper of another person, that is:

---

[4] Subsequently amended by Pub. L. No. 158-2013, § 466, (eff. July 1, 2014).

Amber Gregory, did enter said vehicle knowing that he does not have the permission of the owner, lessee or authorized operator of said motor vehicle." *Id.* at 44.

[12] The evidence presented at trial shows that Gregory committed the act of breaking the window of the Mini Cooper and committed the act of entering the vehicle. These were separate acts that were not supported by the same evidentiary facts. Regarding his conviction for criminal mischief, Aguilar testified that she observed Gregory break the window of Baker's Mini Cooper with his arm. The criminal mischief occurred when Gregory broke the window of Baker's Mini Cooper, causing damage to the vehicle. As to his conviction for unauthorized entry of a motor vehicle, the evidence established that, as a result of the property settlement, Gregory no longer had a contractual interest in the Mini Cooper or permission to enter it. Aguilar testified that Gregory reached inside the vehicle, and Baker testified that items in her purse were missing from the rear of the vehicle. Gregory, who lacked permission to enter the Mini Cooper and a contractual interest in it, committed unauthorized entry when he reached inside Baker's Mini Cooper. We conclude that there is no reasonable possibility that the evidentiary facts used to establish the essential elements of criminal mischief for which Gregory was convicted were used to establish all the essential elements of unauthorized entry of a motor vehicle and find no double jeopardy violation. *See Vestal v. State*, 773 N.E.2d 805, 806-807 (Ind. 2002) (concluding that, under the actual evidence test, convictions for burglary and theft did not establish a reasonable possibility that the same

evidentiary facts were used to convict the defendant of both offenses and did not violate double jeopardy principles), *reh'g denied*.

## Conclusion

For the foregoing reasons, we affirm Gregory's convictions for criminal mischief as a class B misdemeanor and unauthorized entry of a motor vehicle as a class B misdemeanor.

Affirmed.

Riley, J., and Altice, J., concur.